CHRISTOPHER A. WYATT and Others, Respondents, *v.* JAMES B. BROOKS and Others, Appellants.

*Place of trial of an action to set aside as fraudulent a general assignment covering real estate—the right to demand a change of venue cannot be defeated by an offer by the plaintiff to stipulate not to attempt to reach the real estate.*

A motion to change the place of trial of an action, brought to set aside an assignment for the benefit of creditors on the ground that it was made to hinder, delay and defraud the assignors' creditors, to the county in which certain real estate passing under the assignment is situated, cannot be defeated by an offer on the part of the plaintiff to stipulate that he will not attempt to reach the real estate of the assignors, assigned to the assignee, or make any claim of title or interest therein or thereto.

*Acker* v. *Leland* (96 N. Y., 384) followed.

Appeal from an order of the New York Special Term, denying the defendants' motion to change the place of trial from New York to Onondaga county.

*Louis Marshall*, for the appellants.

*S. R. Stern*, for the respondents.

Davis, P. J. :

This is an action in the nature of a creditor's bill, to set aside an assignment made by the defendants Silberstein and Shovelsohn to the defendant Brooks, on the alleged grounds that the assignment was fraudulent and void on its face, and improper and illegal in form, and was made and executed with intent to hinder, delay and defraud, the creditors of the assignors. Amongst the property assigned was a parcel of land situated in the city of Syracuse, county of Onondaga, which belonged to the defendant Silberstein, and which, as appears by his affidavit, is of the value of about $8,000, incumbered for about $6,400, leaving a margin, as he states, of at least $1,500 over and above the incumbrance. A demand of change of place of trial was made in due form, on the ground that the place of trial was not laid in the proper county, and the motion is based upon such demand and the grounds stated therein, and also upon affidavits tending to show that the place of trial should be changed for the convenience of witnesses.

To meet the claim that the city of New York is not the proper

place of trial, on the ground that the action affected the question
of title or interest in real estate, the plaintiffs made a stipulation
that they " will not attempt to reach the real estate of said assignors
assigned to said assignee, or make any claim of title or interest
therein or thereto." The Special Term denied the motion upon the
affidavits and the stipulation referred to.

The construction given by the Court of Appeals in *Acker* v.
*Leland* (96 N. Y., 384) to section 982 of the Code of Civil Pro-
cedure, requires us to hold that this action is local, within the pro-
visions of that section. It must be tried in the county in which the
subject of the action, or some part thereof, is situated. The defend-
ants were therefore entitled, upon their demand, to have the place
of trial changed, and the order should accordingly have been made
unless the stipulation given by the plaintiffs had the effect to take
the case out of the provisions of section 982 of the Code.

The object of the action is to have the assignment declared abso-
lutely void, because made in fraud of creditors. The assignment
conveys certain real estate to the assignee. A decision that it is void
will affect the title to that real estate, and it is difficult to see how
the stipulation that the plaintiff will not pursue the real estate or
claim any interest therein, will prevent the effect of a judgment, if
they succeed in obtaining one declaring the assignment void, from
affecting the title to the land. A receiver appointed under such a
judgment would take title to the land, and a refusal on the part of
the plaintiffs to reap any benefit therefrom would only impose on
the receiver the obligation of applying it to other creditors who
might come in and be made parties to this action or commence other
actions. The right of the defendants to change the place of trial
cannot, we think, be disposed of by such a stipulation.

On the subject of witnesses, the question presented to the court
was one addressed to its discretion, and it may be that the stipula-
tion to admit on the trial what a portion of the defendants' witnesses
would testify to, together with the witnesses sworn to on the part of
the defendants to reside in the city of New York, were an answer
to that branch of the motion. But we are not inclined to examine
particularly the disposition made of this part of the motion, because
the order changing the place of trial should have been granted on
the ground already considered.

The order should, therefore, be reversed, and the motion granted, with costs of the motion and of this appeal to abide the event.

BRADY and DANIELS, JJ., concurred.

Order reversed, and motion granted, with costs of motion and of appeal to abide the event.